# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EVAN P. LOWNEY, | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. |
| v. | ) | 17-11543-IT |
|  | ) | |
| HARMON LAW OFFICES, P.C., et al., | ) | |
| Defendants. | ) | |

## ORDER ON PENDING MOTIONS (Docket Nos. 2, 3, 9)

**TALWANI, D.J.**

For the reasons stated below, the Court (1) denies without prejudice plaintiff's motion to file impounded supplemental case opening materials; (2) denies without prejudice plaintiff's motion to proceed *in forma pauperis*; and (3) denies as premature plaintiff's motion for enlargement of time to effect service.

If plaintiff wishes to proceed with this action, he must, within twenty-one (21) days from the date of this Order, either pay the $400.00 filing fee or renew his request to proceed *in forma pauperis* by filing a fully completed "Long Form" Application to Proceed in District Court without Prepaying Fees or Costs (AO Form 239).

**I.      Background**

Evan P. Lowney ("Lowney") filed a complaint against numerous defendants alleging, among other things, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and 42 U.S.C. § 1985(2) (obstructing justice; intimidating party, witness, or juror). *See* Complaint ("Compl."), Docket No. 1. With his complaint, plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Application, Docket No. 2. He also filed a motion to impound with a supporting memorandum seeking to have the

complaint incorporate by reference a sealed exhibit that identifies certain defendants who are described as John Doe and Jane Doe in the complaint. *See* Docket Nos. 3, 4. On November 22, 2017, plaintiff filed a motion for enlargement of time to make service with supporting affidavit. *See* Docket Nos. 9, 10.

## II. Discussion

### A. Motion to Seal

Plaintiff moves pursuant to Rule 7.2 of this Court's Local Rules to impound Exhibit A to Plaintiff's Complaint. *See* Docket No. 3. In his supporting memorandum, plaintiff states that the factual allegations supporting his claim are unique. *See* Docket No. 4. He further states, among other things, that he is bound by the rules of professional ethics and therefore seeks to file under seal the names of his clients and/or former clients as well as the claims he seeks to assert against them. *Id.* at p. 1. Plaintiff seeks to "protect the significant privacy interests of a large class of persons, and the significant liberty and personal safety interests of the Plaintiff." *Id.* at p. 8.

"Decisions on the sealing of judicial documents require a balancing of interests, although the scales tilt decidedly toward transparency." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011), *cert. denied*, 565 U.S. 1234 (2012). A case filed in federal court and the documents filed in the case are presumed to be public. *See In re Providence Journal Co., Inc.*, 293 F.3d 1, 13-14 (1st Cir. 2002). The presumption of public accessibility applies to civil complaints. *See Dahl v. Bain Capital Partners, LLC*, No. 07-12388-EFH, 2012 WL 4045194, at *2 (D. Mass. Sept. 14, 2012) (citing *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998) (applying the presumption to a complaint)). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." *McKee*, 649 F.3d at 70 (internal citation and citation to quoted cases omitted).

Here, plaintiff's need for impoundment is not clear from the pleadings and he has not sufficiently demonstrated a "compelling" reason for sealing the proposed supplemental material. If the filing fee issue is resolved, plaintiff may renew his request for impoundment in a motion that clearly and succinctly states why the supplemental material needs to be filed, and why it needs to be filed under seal.

**B.      Motion to proceed** *in forma pauperis*

Federal courts "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor," if the litigant submits an affidavit that includes a statement of all his assets and shows that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the Court's sound discretion. *Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). In considering an application to waive the filing fee, "a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. The City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978) (other citations omitted).

Here, plaintiff has not sufficiently shown his inability to pay the filing fee for this action. Plaintiff's *in forma pauperis* application indicates that until recently he was a self-employed attorney and that he is now in bankruptcy proceedings in the District of Massachusetts. He states that he has no money in cash or a bank account and that he owns no property. Plaintiff states, among other things, that his income in 2016 was "well-below 150% of the poverty line" and that

"[he has] been forsed (sic) to suspend efforts at (sic) to generate income." But in response to Question 3 regarding any income during the past twelve months, plaintiff indicates that in addition to his self-employment income, he has received income from gifts or inheritances. He did not disclose the sources and amounts of this income, and the amount that he expects to receive in the future. In the absence of complete financial disclosure, the Court cannot determine whether Lowney eligible for *in forma pauperis* status.

Based on the incomplete disclosures on the Application to Proceed in District Court without Prepaying Fees or Costs, it is denied without prejudice. Since this Court may consider the financial support plaintiff receives from a relative or friend, if he seeks to renew his request, he shall disclose the amount of such support he receives and expects to receive. Plaintiff may renew his request by filing a fully completed "Long Form" Application to Proceed in District Court without Prepaying Fees or Costs (AO Form 239) and include in that application a more detailed financial statement pursuant to this order.

### C. Motion for Enlargement of Time to Make Service

Plaintiff moves for an extension of time to serve his complaint on the defendants. *See* Docket No. 9. Rule 4 provides that "[a] summons must be served with a copy of the complaint [and that the] plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). The rule provides further that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, summons have not been issued because of the outstanding filing fee issue. The clerk will be directed to issue summons either upon plaintiff's payment of the $400 filing fee or approval of a renewed motion to proceed *in forma pauperis*. Therefore, plaintiff's motion for enlargement of time is denied as premature.

**III. Order**

Based upon the foregoing, it is it is hereby ORDERED that

1. The motion (Docket No. 2) for leave to proceed *in forma pauperis* is DENIED without prejudice.

2. If Lowney wishes to proceed with this action, he must, within twenty-one (21) days from the date of this Order either pay the $400.00 filing fee or file a fully completed Long Form Application to Proceed in District Court without Prepaying Fees or Costs (AO Form 239).

3. The motion (Docket No. 3) to file impounded supplemental case opening material is DENIED without prejudice.

4. The motion (Docket No. 9) for enlargement of time to make service is DENIED as premature.

**So ordered.**

       /s/ Indira Talwani
       Indira Talwani
       United States District Judge

Dated: January 3, 2018