UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVAN P. LOWNEY,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>HARMON LAW OFFICES, P.C., et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)　Civil Action No.<br>)　17-11543-IT<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons stated below, the court (1) strikes the majority of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to File Supplemental IFP Application Late [#14]; (2) allows Plaintiff's Motion for Leave to File Supplemental IFP Application Late [#13]; (3) allows Plaintiff's renewed motion to proceed *in forma pauperis* [#13-2]; and (4) directs Plaintiff to file an amended complaint.

**I.    Background**

Evan P. Lowney ("Lowney") filed a pro se complaint against numerous defendants seeking relief for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), 42 U.S.C. § 1985(2) (obstructing justice; intimidating party, witness, or juror), common law deceit, civil conspiracy, and tortious interference with an advantageous business relationship. *See* Complaint ("Compl.") [#1]. The court denied Lowney's motions to proceed *in forma pauperis* ("IFP"), to file impounded material, and to enlarge time for service. *See* Order [#11]. Lowney was granted until January 24, 2018, to either pay the filing fee or file a renewed IFP motion. *Id.*

On January 30, 2018, Lowney filed a Motion for Leave to File Supplemental IFP

Application Late with a completed Application to Proceed in District Court without Prepaying Fees or Costs (AO Form 239). [#13]. He also filed a Notice of his administrative suspension from the practice of law [#15] and a memorandum of law [#14] supporting his motion..

## II.     Discussion

### A.     Memorandum in Support of renewed *In Forma Pauperis* Motion

As an initial matter, the court will strike all but paragraph 27 of Lowney's memorandum of law in support of his renewed IFP. *See* [#14]. The balance of his memorandum fails to plainly state any cause for the requested extension and consists primarily of wholly unrelated arguments. Lowney also proffers facts regarding his financial status that if relevant should have been included in the IFP, under penalty of perjury, rather than as argument in a memorandum.

Additionally, Lowney's memorandum of law is 15 pages, appears to be less than double-spaced, and includes half a dozen, single-spaced footnotes. This court's Local Rules limit such memoranda to twenty double-spaced pages absent leave of court. *See* District of Massachusetts Local Rule 7.1(b)(4). The court reminds Lowney that he must comply with all of the Local Rules, including those regarding page limits and line spacing. The use of extensive footnotes or less than double spacing of body text may be viewed by the court as an attempt to evade page limits.

### B.     Motion to File Late

The 21 day period afforded Lowney to file his renewed IFP motion expired on January 24, 2018, and even the request for additional time was not filed until after that date. Although the court will allow the late filing of the motion on this occasion, the court does not anticipate granting further extensions where a request is made after the due date.

### C.       Renewed motion to proceed *in forma pauperis*

The Court has reviewed Lowney's renewed IFP motion and finds that he has sufficiently shown his inability to pay the filing fee for this action. Accordingly, his renewed motion to proceed *in forma pauperis* is allowed.

### D.       Screening of Complaint

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, the court may review the complaint and determine whether it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes the complaint because the plaintiff is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a claim for recovery that is "plausible on its face." *Eldredge v. Town of Falmouth*, 662 F.3d 100, 104 (1st Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678 (quotation marks omitted)).

A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 8(d), captioned "Pleading to Be Concise and Direct," further provides that "each allegation must be simple, concise, and direct." The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense. *See Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008). "The statement of the claim should be short because 'unnecessary length places an unjustified burden on the court and on the party who must respond to it.'" *Greg Beeche Logistics, LLC v. Skanska USA Bldg., Inc.*, C.A. No. 12–11121-DJC, 2014 WL 4656503 (D. Mass. Aug. 5, 2014) (citation omitted) (adopting Report & Recommendation). The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. *Iqbal*, 556 U.S. at 678. Legal conclusions couched as facts will not suffice. *Iqbal*, 556 U.S. at 678. *See also Ocasio–Hernandez v. Fortuno–Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

"A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). "Dismissal is usually 'reserved for those case in which the complaint is so confused, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *L'Heureux v. Whitman*, No. 96-1821, 125 F.3d 841, 1997 WL 639323, at *1 (1st Cir. Oct. 9, 1997) (unpub. op.) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

1. **Plaintiff's Complaint**

Plaintiff is an attorney who was recently suspended from the practice of law in

Massachusetts. *See* Notice of Administrative Suspension [#15]. He brings suit against dozens of defendants including various mortgage lenders; lawyers and law firms that previously employed Lowney or worked with him; and former "clients" whose identities Lowney seeks to protect "out of respect for the integrity of the traditional formulation of an attorney-client relationship." *See* Compl. at n. 1, ¶¶ 29 - 33.[1] The Complaint includes federal claims for civil RICO and civil conspiracy violations as well as three claims under state law. The lengthy Complaint recounts Lowney's many interactions over many years with the defendants and others. As to the federal claims, Lowney alleges a wide-ranging conspiracy among the defendants.

The Complaint begins with a ten-page statement concerning the statute of limitations for civil RICO actions, *see* Compl. at ¶¶ 2 – 22, and continues with a statement on standing in light of Lowney's pending bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts. *Id.* at ¶¶ 23 – 28. The Complaint attempts to incorporate by reference other documents, *see e.g. id.* at ¶ 65 (Exhibit A and Plaintiff's Ex Parte Motion to File Impounded Supplemental Case Opening Materials), and as to certain defendants references Exhibit A. *See e.g. id.* at ¶¶ 98, 104, 123, 126 (defendants Joyce and Mazonson); ¶109 (defendant Cirignano); ¶ 120 (defendant Zicher); ¶ 171 (defendant Scimone). In support of his civil RICO claim, Lowney identifies four "patterns" of criminal racketeering activity, *id.* at ¶ 89, as follows: (1) Fraud, *id.* at ¶¶ 90 - 178; (2) Crimes and Attempts Against Property and Person, *id.* at ¶¶ 179 - 311; (3) Threats, Coercion and Coercive Interference, *id.* at ¶¶ 314 - 341; and (4) Mail Fraud and Money Laundering

---

[1] The named Defendants are: Harmon Law Offices, P.C.; Adam D. Mazonson, Mazonson Law Offices, P.C.; David S. Flashenburg; Legal Edge Real Estate, Inc.; Brian A. Joyce; Brian A. Joyce, Attorney-At-Law, P.C.; Joyce Law Group, LLC; Kevin B. Walters, Walters Law Offices, P.C., Dragan M. Cetkovic; Dragan M. Cetkovic, P.C. d/b/a/ Dragan & Associates; Julius Sokol; Michael J. Garrity; Michael Philbin; Jared T. Zicher; Larry S. Mazonson; Patriot Mortgage Company, Inc.; Douglas K. Sheef; Sheef Law Offices, P.C. d/b/a Sheff Law; Molly B. Miller; David F. Scimone; Hornung & Scimone, P.C.; Metlife Group, Inc., d/b/a Hyatt Legal Plans; Smith & Brink, P.C.; Mark v. Cirignano;

in Manufactured Mortgage Litigation, *id.*at ¶¶ 344 - 361.

For relief, Lowney seeks monetary damages and injunctive relief "tailored to curtail property crimes, invasions of Plaintiff's property, and intrusions upon Plaintiff's liberty interests." *See* Compl. (prayer for relief), p. 98.

### 2. Plaintiff's Complaint is Subject to Dismissal

Ultimately, the Complaint's failure to comply with the requirement of a short and plain statement of the claim prevents this Court from deciphering the factual and legal basis for each Defendant's alleged liability. The prolix Complaint spans 98 pages, and includes 410 paragraphs (excluding subparagraphs) and 64 footnotes. Lowney devotes entire paragraphs to statements of law rather than factual averments. Other paragraphs are conclusory and argumentative in nature. In sum, the Court is unable to determine if Plaintiff is able to state a claim upon which relief may be granted.

### E. Leave to File an Amended Complaint

For the foregoing reasons, the Complaint is subject to dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). The Court will permit Lowney to replead his claims in an Amended Complaint. Any Amended Complaint must be complete without reference to the original Complaint or any other pleading, attachment, or document because it will completely supersede the original Complaint. *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

The caption of the Amended Complaint must name all the parties, *see* Fed. R. Civ. P. 10(a), and the claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In amending the complaint, Plaintiff must state

---

Resilient Investments, LLC; Shavar K. Douglas; and Elizabeth Teves-Michael. The complaint also identifies John and Jane Doe defendants as "clients and entities related to otherwise confidential information."

each claim separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. Specifically, Plaintiff should succinctly identify when the alleged harms were committed, who caused the alleged harms, and what actions were committed by each alleged wrongdoer.

Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must comply with the limits on permissive joinder found in Rule 20 of the Federal Rules of Civil Procedure. Joinder of claims against multiple defendants is permitted by this Rule if two criteria are met: (1) the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff is explicitly cautioned that failure to timely file an Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

### III.  Order

Based upon the foregoing, it is it is hereby ORDERED that

1. All but paragraph 27 of plaintiff's Memorandum of Law [#14] is stricken.

2. The motion [#13] to file renewed motion to proceed *in forma pauperis* is allowed.

3. Plaintiff's renewed motion to proceed *in forma pauperis* [#13-2] is allowed.

4. If Plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, file an amended complaint. Failure to comply with this order will result in dismissal.

5.	No summons shall issue pending further order of the court.

**So ordered.**

        /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated:  February 9, 2018